SEABRONE RECORD v. THE STATE.

It is provided in Article 2930 of Paschal's Digest, that "in every case of fel-
"ony, when the accused is in custody, or as soon as he may be arrested,
"it shall be the duty of the clerk of the court, when an indictment has
"been presented, immediately to make out a correct copy of the same,
"and deliver such copy to the sheriff, who shall immediately deliver the
"same to the defendant;" and Article 2935 further provides that "no
"arraignment shall take place until the expiration of at least two en-
"tire days after the day on which a copy of the indictment was served
"on defendant, unless the right to such copy or to such delay is
"waived, or defendant was on bail." No way is prescribed by which
the evidence of the issuance or service of such copy is to be perpetuated;
but when a defendant appears in court and remains silent as to service
of a copy of the indictment, and, when called upon, pleads to the same
without objection, and, after conviction, fails in his motion for a new
trial to make known to the court that he had been deprived of this im-
portant right, this court will presume, and especially when the question
is first raised here, that the defendant waived his right to a copy of the
indictment.

APPEAL from Smith.    Tried below before the Hon. Z. Nor-
ton.

The facts of the case are sufficiently indicated in the opinion
of the court.

*S. Robertson,* for appellant.

*Wm. Alexander, Attorney-General,* for the State.

WALKER, J.    The only error assigned in this case is as fol-
lows :    " That the defendant was not on bail at the time of the
" presentment of the indictment against him, and no copy there-
" of was served on him at the time of his arrest, or at any sub-
" sequent time up to the date of trial, nor even then." Arti-
cle 2930, Paschal's Digest, provides that " in every case of
" felony, when the accused is in custody, or as soon as he may
" be arrested, it shall be the duty of the clerk of the court,

" when an indictment has been presented, immediately to make
" out a correct copy of the same, and deliver such copy to the
" sheriff, who shall immediately deliver the same to the defend-
" ant." And Article 2935 Paschal's Digest, further provides:
" No arraignment shall take place until the expiration of at least
" two entire days after the day on which a copy of the indictment
" was served on the defendant, unless the right to such copy or to
" such delay be waived, or the defendant was on bail." The
statute makes it the duty of the clerk to make out a copy, and
of the sheriff to deliver the same to defendant, but it prescribes
no means by which the evidence of issuance or service of such
copy shall be perpetuated, or brought to the knowledge of the
court. The clerk is not authorized to make the fact of the is-
suance a matter of record, neither is the sheriff authorized to
make an official return of such service; and it would be diffi-
cult to determine how the court could be legally informed
whether a copy of the indictment had or had not been served
upon the defendant, excepting through the defendant himself.
Under the statute, he has a legal right to object to being put
upon trial until he has been served with a copy of the indict-
ment, as prescribed by the statute, and if this right should be
denied him by the court, he would have a right to his bill of
exceptions, and by an appeal reverse the rulings of the court in
that particular.

But if he fail to demand his right in the court below, or fail
to show affirmatively, by the record, any error in that court, we
are unable to see how an appellate court can legitimately inter-
fere in his behalf. There is no affirmative evidence in the
record that the assignment of errors is true. For aught that
appears in the record, the defendant may have been served
with a copy of the indictment in full compliance with the
statute, and for aught that appears in the transcript, or the as-
signment of errors, the defendant may have appeared in open
court and waived the service of a copy of the indictment, which
he certainly had a right to do.

Again, the object of the statute is to give the defendant time-

ly notice of the accusation against him, that he may prepare for his defense; and it also provides that he may waive that right. If, therefore, a defendant should see proper to go into court, and remain silent as to the service of a copy of the indictment, and when called upon plead to the same, without objection; and especially when he failed in his motion for a new trial to make known to the court that he had been deprived of this important right, that the error, if one, might have been corrected there, the presumption of a waiver would be too strong for a denial, especially when the question is first raised in this court.

We are therefore of the opinion, that the defendant is not entitled to a reversal of the judgment of the District Court for the cause assigned, and discovering no error in the record to authorize a disturbance of the same, it is affirmed.

Affirmed.