### BARNEY McDUFF v. THE STATE.

1. WAIVER — PRIVILEGE OF COUNSEL. — In general, a person may do by attorney whatever he may personally do in his own right, and this general rule is applicable to attorneys appointed by court to represent a defendant in a criminal cause; but in no criminal case can the attorney absolutely bind the client by an act which is both prejudicial to the client's rights and in contravention of the general principles of law.

2. SAME — CASE STATED. — Without the knowledge of a defendant charged with felony, attorneys appointed to defend him waived a copy of the indictment against him, and soon afterwards, with consent of the court, abandoned the case, on the ground that they were so prejudiced against the defendant that they could not justly defend him. Another attorney being appointed, he demanded a copy of the indictment, which, because of the waiver by the first attorneys, the court refused to order. *Held*, that the waiver was not binding on the defendant, and it was error to force him to trial without conceding the demand for a copy of the indictment.

3. SERVICE OF COPY OF THE INDICTMENT. — In every criminal case, if demanded,

and in a felony case without demanding it, the defendant is entitled to service of a copy of the indictment against him, unless he has expressly waived the right to it. If the record is silent on the subject, the presumption is that the law was complied with in this respect.

APPEAL from the District Court of Dallas. Tried below before the Hon. Z. HUNT.

The opinion discloses all material facts.

No brief for the appellant.

*H. H. Boone*, Attorney-General, for the State.

WHITE, J. Appellant and two others were jointly indicted, under article 2093, Paschal's Digest, for forgery. McDuff, this appellant, was alone tried, and was convicted, and his punishment assessed at seven years' imprisonment in the penitentiary. A motion was made to quash the indictment, which, we think, was properly overruled, the indictment being sufficient when tested by the rules and precedents heretofore established by the courts of our state with reference to this offense. *Henderson* v. *The State*, 14 Texas, 503; *Shanks* v. *The State*, 25 Texas (Supp.), 326; *Horton* v. *The State*, 32 Texas, 79.

The case appears to have been defended with marked care and ability by the counsel who represented the accused on the trial, under appointment of the court, and a number of bills of exceptions were saved, and a number of errors assigned, all of which are presented in the record. We regret that counsel has not favored us with a brief upon several of the interesting questions raised. In the view we have taken of the case, we propose, in reversing it, to notice only one of the errors complained of, and that is the one set forth in the first bill of exceptions. For convenience, and in order the better to understand this error, we copy so much of the exception as discloses the facts.

It is in these words : " The State having announced ready for trial, the following action was had, viz. : The defendant McDuff had not been served with a copy of the indictment, and was not on bail at the time the indictment was presented. The defendants Johnson and McDuff declaring they were not able to employ counsel, Dake & Graves, attorneys, were appointed by the court, on the 17th Sept., 1877, to defend McDuff and Johnson, and accepted the appointment ; and on the 18th Sept., 1877, said attorneys, without the knowledge or consent of defendant McDuff, waived copy of indictment as to McDuff and Johnson. On September —, 1877 (soon thereafter), Dake & Graves declined to defend McDuff and Johnson, alleging that they were so prejudiced against the defendants that they could not justly represent them ; and said attorneys were excused by the court. On Sept. 27, 1877, G. H. Plowman, attorney, was appointed to defend McDuff and Johnson. Said McDuff, nor his attorney, G. H. Plowman, did not waive copy of the indictment ; and on this Sept. 29, 1877, defendant McDuff, by attorney, refused to plead, and moved and prayed the court that defendant McDuff be served with a copy of the indictment, and also moved and prayed the court that the waiver of the copy of the indictment as to McDuff, indorsed on the indictment on the 18th Sept., 1877, by Dake & Graves, be stricken out, because said waiver was made, if a waiver at all, without the knowledge or consent of defendant McDuff, and also because said attorneys were not the attorneys of this defendant ; which prayers and motions of defendant the court overruled and refused, and required defendant McDuff to proceed to trial. To which ruling and action of the court defendant excepts,'' etc.

Our statute provides that " the defendant to a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury when he has pleaded not guilty." Pasc. Dig., art. 2492.

The general rule is that whatever a person can do himself, *sui juris*, he can do by an attorney. *Parker* v. *Poole*, 12 Texas, 86. And this rule unquestionably applies in cases of attorneys appointed by the court to represent a party, as well as those cases where the party employs his attorney himself. Ordinarily, the action of the attorney, as the representative of his client in the conduct of the cause, will, and should, be binding upon the client in all matters where by law the client is not specially required to act for himself. The reason and justice of this rule must, however, in the very nature of things, sometimes yield to the peculiar circumstances and surroundings of the case ; and in no criminal case can the client be absolutely bound by the act of his attorney when the act is both prejudicial to his rights and in contravention of known and well-established principles of law. *Calvin* v. *The State*, 25 Texas, 791 ; *Bell* v. *The State*, 2 Texas Ct. App. 220. Our Constitution contains this provision : " In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." Const., art. 1, sec. 10.

The law with regard to a service of a copy of the indictment is that, " in every case of felony, when the accused is in custody, or as soon as he may be arrested, it shall be the duty of the clerk of the court where an indictment has been presented immediately to make out a correct copy of the same and deliver such copy to the sheriff, who shall immediately deliver the same to the defendant." Pasc. Dig., art. 2930 ; *Record* v. *The State*, 36 Texas, 521.

"Art. 2931. In misdemeanors, it shall not be necessary before trial to furnish the defendant with a copy of the indictment or information ; but he or his counsel may demand a copy, which shall be given at as early a day as possible.

"Art. 2932. When the defendant, in cases of felony, is on

bail at the time the indictment is presented, it is not neces-
sary to serve him with a copy ; but the clerk shall deliver a
copy of the same to the defendant or his counsel, when re-
quested, at the earliest possible time."

And in capital cases, we find it provided as a rule that
" no arraignment shall take place until the expiration
of at least two entire days after the day on which a copy
of the indictment was served on the defendant, unless the
right to such copy or to such delay be waived, or the defend-
ant was on bail."

Thus it will be seen that, in the opinion of our law-givers,
the service of a copy of the indictment has been held to be
an important right, which should be secured and protected
to the defendant when he demands it, in all criminal cases,
and in felony cases whether he demands it or not, unless
he expressly waives it.    If the record is silent upon the
subject, the presumption will be that the law was complied
with.    In a majority of cases, it may appear to be immate-
rial ; but the question of materiality or immateriality, or the
motives actuating defendant in insisting upon this right,
should not occur or be considered, so long as the right un-
der the statute is so plain and undeniable.    It has always
been found that the ends of justice, though they may for
the time be delayed, are better subserved by a strict com-
pliance with statutory provisions which may appear to be
entirely technical, than by denying or ignoring them in the
anxiety of bringing on a speedy trial and a swift execution
of the law.

In the case at bar, the defendant, by his poverty, seems to
have been placed entirely at the mercy of the court for the
assistance of counsel to see that he was tried, and, if con-
victed, convicted according to the forms of law.    The coun-
sel assigned him abandoned his case with consent of the
court, and their reason for so doing was that they were so
prejudiced against the defendant that they could not justly

represent him.  These attorneys seem to have taken no action in the case whatsoever, except to make this waiver, and then abandon it on account of prejudice against their client.  Two days before the trial the court appointed another attorney to defend him, and on the day of trial he demanded a copy of the indictment.  This was refused, the court holding that the accused was bound by the waiver made by the attorneys who had previously been appointed, and who had just abandoned him, though their waiver was, it seems, without the knowledge or consent of the defendant.

Under all the peculiar circumstances detailed, we are of opinion that the defendant was entitled to a service of the copy of the indictment, and because this right was denied him, the judgment of the lower court must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*