## E. A. LABBAITE *v*. THE STATE.

1. CHANGE OF VENUE. — It is no longer questionable that, in passing on an application for a change of venue, based on local prejudice or influential combinations, the court below may examine the supporting affiants and hear the sworn statements of other citizens respecting such prejudice or combinations.  And unless it clearly appears that, in overruling the application, the court below abused its discretion, this court will not interfere.

2. CONTINUANCE — DILIGENCE. — Defendant's affidavit for a continuance alleged that, as he was "informed and believes," he obtained an attachment for certain absent witnesses; but it did not disclose his informant, nor the ground of his belief, nor state from what court or clerk the attachment was obtained.  It further alleged that he was "informed and believes" that the attachment was mailed to the proper sheriff, but does not state who mailed it, or who so informed him.  *Held*, that the showing of diligence is not sufficient.

3. FORGERY. — INDICTMENT for forgery of a promissory note charged the *gravamen* of the offence in the language of the Code, and set out the forged note *in hæc verba*.  *Held*, sufficient in substance.

4. SAME. — It is advisable, but not necessary, in such an indictment, when the note is set out in full, to allege that the note, if true, would have created a pecuniary obligation upon the ostensible maker, naming him.

5. SAME. — In an indictment for forgery, at common-law it was necessary that the name of the person whom the defendant intended to injure or defraud should be alleged; but the Code of this State provides that, "in any case where an intent to defraud is required to constitute an offence, it shall be sufficient to allege an intent to defraud, without naming the particular person intended to be defrauded."  Pasc. Dig., art. 2866.

6. FORGERY — EVIDENCE — VARIANCE. — Indictment for forgery set out the face of the forged note, ignoring any indorsement; whereas upon the note

offered in evidence the defendant's name was indorsed, and he objected to its admissibility on the ground of variance. *Held*, that the indorsement was but an extrinsic and irrelevant writing, creating no variance, and the evidence was properly admitted.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The charging part of the indictment alleged that "Ed. A. Labbaite, with force and arms, in the county of Lampasas, and State of Texas, did, heretofore, to wit, on the 10th day of March, A. D. 1877, then and there unlawfully, wilfully, feloniously, and without lawful authority, and with the intent to injure and defraud, make a certain false instrument in writing upon paper, purporting to be the act of others, to wit, the act of J. P. Gibson, Martin White, and John Hanna; the said false instrument being then and there made by the said Ed. A. Labbaite, in such manner that the same would, if it were true, have created a certain pecuniary obligation, and is, in words and figures, as follows, to wit: —

"'$75. Ninety days after date we promise to pay to E. A. Labbaite or order the sum of seventy-five dollars, for value received, this 10th day of March, A. D. 1877.

"J. P. GIBSON,
"MARTIN WHITE,
"JOHN L. HANNA.'

"Against the peace and dignity of the State," etc.

The false character of the note was fully proved, and the body of it shown to be in the defendant's handwriting. Each of the three persons whose names appeared to it testified, respectively, that he had never signed it, or authorized any one to sign it for him. The defendant pawned the note as security for a loan of $10, telling the lender to say nothing about the note, as he did not want to sell it, but only to get a little money on it. Defendant offered no evidence.

The jury found a verdict of guilty, and assessed the punishment at six years in the penitentiary. A new trial ·was refused, and notice of appeal given.

No brief for the appellant has reached the reporters.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. Preliminary to the trial by jury in this case, the defendant made two motions, viz., one for a change of venue, and one for a continuance. Both these motions were overruled by the court, and the rulings thereon are complained of as error.

It is no longer an open question that the court below, in passing upon an application for a change of venue, grounded on allegations of local prejudice or influential combinations, may examine the supporting affiants and hear the sworn statements and evidence of other citizens touching the grounds of the application. And unless it clearly appears that the court below, in overruling the application, abused its discretion, this court will not interfere. *McCarty* v. *The State,* 4 Texas Ct. App. 461 ; *Grissom* v. *The State,* 4 Texas Ct. App. 374 ; *Johnson* v. *The State,* 4 Texas Ct. App. 268 ; *Noland* v. *The State,* 3 Texas Ct. App. 598 ; *Dixon* v. *The State,* 2 Texas Ct. App. 530 ; *Buie* v. *The State,* 1 Texas Ct. App. 452, and authorities cited.· We cannot see that the court either abused its discretion or erred in its rulings upon the evidence relative to the motion for a change of venue. *Brissot* v. *The State,* 53 Ind. 408.

Nor is it perceived that any error was committed in overruling defendant's application for a continuance. His affidavit is insufficient in three respects. The language used with regard to his diligence is as follows : " Defendant has used due diligence, and all the diligence in his power, to procure the attendance of said witnesses, to wit: on the

9th of March, 1878, he applied for and obtained an attachment, as he is informed and believes, for the said witnesses to said county; that he, knowing his innocence, made diligent inquiry of who really forged the notes that are described in the indictment, and he learned said witnesses knew who did it; and as soon as he could, after hearing that fact, made an affidavit that said witnesses were important, and asked that an attachment issue for said witnesses to said county, which affiant is informed and believes was done on said 9th day of March, 1878, and mailed to the sheriff of said county, on said day and date, to wit, March 9th, 1878, which has not been returned," etc.

Now, it will be noticed that the affidavit does not state, in the first place, who informed affiant, and why he believes, that the attachment really issued; in the second place, it does not state from what court or clerk the attachment was issued; and, in the third place, it does not state who mailed the attachment to the sheriff. Certainly, it was in his power to have given some more definite and positive information with regard to those important particulars than he has done. At all events, he could have stated the source of his information relative to the attachment, and why he was led to believe what he states with regard to it. For aught that appears, his attachment may have been issued from some court of El Paso or Red River Counties, and he may have been informed, and really believed, that some one in either of those counties had, in fact, mailed it to the sheriff of Maverick County. *Murray* v. *The State*, 1 Texas Ct. App. 417; *Buie* v. *The State*, 1 Texas Ct. App. 452; *Grant* v. *The State*, 2 Texas Ct. App. 163; *Summerlin* v. *The State*, 3 Texas Ct. App. 444; *Bowen* v. *The State*, 3 Texas Ct. App. 617; *Johnson* v. *The State*, 4 Texas Ct. App. 268; *Donovan* v. *The State*, 4 Texas Ct. App. 372.

It is contended that the indictment is not sufficient to charge the crime of forgery. The two principal objections to its sufficiency, as set out in the motion to quash, are:

first, that it fails to charge upon whom an obligation would have been created, had the promissory note been true ; and, second, it fails to charge whom the defendant intended to injure and defraud by forging the note.

The indictment contains, in the description of the offence, all the necessary statutory words used in its definition (Pasc. Dig., art. 2093), and the note alleged to be forged is set forth *in hæc verba*. No form for such an indictment is prescribed by the statute. In the case of *Horton* v. *The State*, 32 Texas, 79, the indictment was very similar to the one we are considering, and it was there held that, in an indictment for forging a note, "it is not necessary that the indictment should contain averments showing how the false instrument, if true, would create, diminish, discharge, or defeat any pecuniary obligation, or would transfer or affect any property whatever. These are deductions of law not necessary to be averred." Doubtless it would have been better for the pleader to have alleged that the note, if true, would have created a pecuniary obligation upon the pretended makers, naming them. Still, we cannot see that his failure so to frame the allegation invalidates the indictment, when the note is set forth *in hæc verba*, and where it is self-evident that a pecuniary obligation would and could only have been created upon the purported obligors, and they alone, if the note had been true.

With regard to the other objection, — viz., that the indictment does not charge whom the defendant intended to injure or defraud, — we admit that, at common law, such an allegation was absolutely essential to the validity of an indictment for forgery. 2 Bishop's Cr. Proc., sects. 420, 421. We have, however, an express statute which controls and regulates our criminal pleadings in this particular. It reads : " Where a particular intent is a material fact in the description of the offence, it must be stated in the indictment. But in any case where an intent to defraud is required to constitute an offence, it shall be sufficient to

allege an intent to defraud, without naming the particular person intended to be defrauded." Pasc. Dig., art. 2866; *Johnson* v. *The State*, 1 Texas Ct. App. 146. It seems that they have in Alabama a statute similar to the one just quoted; and in *Jones* v. *The State*, it was held by the Supreme Court of that State, where the same question was raised, that " an indictment which alleges that the defendant forged an order for money, in words and substance as follows [setting it out], with intent to defraud, is sufficiently certain and definite." 50 Ala. 161.

Defendant's third bill of exceptions presents this question: When the note charged to be forged was offered in evidence, it was objected to by defendant's counsel, because of variance between the instrument and the one set out in the indictment, in this: that the note offered in evidence was indorsed on the back, " E. A. Labbaite," while the one copied in the indictment did not contain this indorsement. This identical question was raised in *Perkins* v. *The Commonweath*, before the Supreme Court of Virginia, and in that case it is said: " The court is of opinion that, as this prosecution is only for forging the writing which purported to be the negotiable note, there was no necessity that the indictment should set out the indorsements, or any other matter written upon the same paper, constituting no part of the note itself, and not entering into the essential description of that instrument. It is enough to set out in the indictment the note itself, without any other extrinsic marks or writings upon the same paper. *The Commonwealth* v. *Ward*, 2 Mass. 397; *Simmons* v. *The State*, 7 Ohio, 116. When the paper, with these unessential marks and writings, is offered in evidence for the purpose of sustaining the prosecution for the forgery of the note, there will be no valid objection on the ground of variance between the proofs and the charges laid in the indictment." Citing Stark. on Cr. Pl. 113; *Rex* v. *Tastick*, in note to 1 East, 180; East's Cr. Law, 925; *The Commonwealth* v. *Adams*,

Opinion of the court.

7 Metc. 50 ; *The Commonwealth* v. *Searle*, 2 Binn. 332 ; *The Commonwealth* v. *Ross*, 2 Mass. 373 ; 7 Gratt. 651.

As stated by Mr. Wharton, the doctrine is : " In setting out a counterfeit bank-note *in hæc verba*, in an indictment for feloniously passing the same, it was held that the omission of an indorsement, appearing to have been made on the note after it was passing, was no variance ; and so of the omission of the indorsement of a promissory note." 2 Whart. Cr. Law (7th ed.), sect. 1470. And the same rule is asserted by Mr. Bishop, in the second volume of his Criminal Procedure (2d ed.), sect. 410.

Some complaints are made of the charge of the court, which, we think, are not well founded. On the contrary, the charge presented the law in a full and explicit manner, as applicable to the facts.

We are unable to perceive any error in the proceedings on the trial below, and the judgment is therefore affirmed.

*Affirmed*.